

Keith J. Frank
Partner
Direct Dial:  (516) 265-1181
Email:  kfrank@moritthock.com

January 11, 2019

**Via ECF**

The Honorable William F. Kuntz, II
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Veracka et al. v. MLD Mortgage Inc. et al.*, 2:16-cv-07152 (WFK)(AYS)
               Letter Application for Pre-Motion conference on Summary Judgment

Dear Judge Kuntz:

      We represent Defendants MLD Mortgage Inc. and Lawrence Dear, (collectively, "Defendants") in the above-referenced case brought by Plaintiffs Ryan Veracka ("Veracka") and Vincent Aldorasi, ("Aldorasi") (collectively, "Plaintiffs") for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") at the First and Second causes of action; for failure to pay wages in the form of commissions at the Third cause of action; and, failure to provide wage notice and earnings statements, in violation of NYLL at the Fourth and Fifth causes of action.  Defendants intend to move for summary judgment on all of Plaintiffs' claims and pursuant to Your Honor's Individual Motion Practices Rule III(B)(1)(i), we write to request a pre-motion conference.

      Plaintiffs' were mortgage loan originators who worked out of the Defendant's East Meadow office from approximately December 1, 2013 through April 13, 2016. The Defendant is MLD Mortgage Inc. is a direct mortgage lender and Lawrence Dear is the President.

**I.**      **<u>PLAINTIFFS WERE EXEMPT UNDER THE FLSA AND NYLL</u>**

        *a.*    *Outside Sales Exemption*:  Plaintiffs were not entitled to overtime compensation under the FLSA's and NYLL's outside sales exemption. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.500(a); NYLL § 651.

Plaintiffs both entered into Employment Agreements dated February 20, 2014 for the position of "Outside Sales Employee". Further, these Agreements at Exhibit "A" specifically state, "Employee is considered an outside Loan Officer and is not required to be in the office". Plaintiffs were paid commission; their daily work schedule was not set by the Defendant; and their duties, as per their Agreements, included soliciting and originating mortgage loans, which involved, but were not limited to: taking information from the applicant and completing the application in a timely manner, educating the prospective applicant in the financing process and advising the applicant about the different types of loan products available, collecting financial information (bank statements and tax returns), maintaining regular contact with the applicant between application and closing to inform them of the status of their application, to respond to any questions posed, and to gather any additional information as needed.  Plaintiffs, although they testified that they spent a significant amount of time in the office, this was not a requirement of the job and was done at their own discretion. *See generally, Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 93-94 (E.D.N.Y. March 31, 2015); *Vasto v. Credico (USA) LLC*, 2017 U.S. Dist. LEXIS 178457, at *50-52 (S.D.N.Y. Oct. 27, 2017) (granting defendants' cross-motion for summary judgment that plaintiffs fell under the outside sales exemption because, in part, there was no dispute that plaintiffs, who worked as field agents, were paid on a commission basis, solicited and collected applications, approached applicants and provided information regarding services, asked questions, and uploaded applications); *Torrenegra v. Grameen Am.*, 2017 U.S. Dist. LEXIS 59549, at *23-24 (E.D.N.Y. Apr. 19, 2017) (granting defendants' cross-motion for summary judgment on plaintiff's exempt status as an outside salesman where plaintiffs independently solicited clients even though the amount of time plaintiff actually spent outside the office was not clearly established).

  b. *Executive Exemption*:  Veracka in addition to being a mortgage loan originator executed an Employment Agreement dated January 30, 2016 and began working as a Branch Manager. Veracka executed this agreement acknowledging that he had the authority to recommend hiring employees and was responsible for managing the day-to-day operations of the Branch Office.  Veracka received a weekly salary of approximately $576.93 in 2014; $896.00 starting in April 2015 into 2016 plus commissions.  Veracka was not entitled to overtime compensation in 2016 under the FLSA and NYLL under the executive exemption.

  c. *Administrative Exemption*:  If Plaintiffs do not satisfy the Outside Sales Exemption test because of the time they spent in the office, then they would fall under the Administrative Exemption.  While working as a mortgage loan originator, Veracka also acted in an administrative capacity in interacting with the Defendants corporate offices on behalf of the other Loan Originators on issues such as the interest rate to be charged on various loans and at times advocating on their behalf to get a more favorable rate.  This is in addition to his acting in a role that directly promoted the business operations of the Defendant. Then as a branch manager, Veracka per his Agreement, had duties which included, but were not limited to, operating the branch office, originating, negotiating, securing, processing, and administering residential mortgage loans.  He also had the authority to recommend service providers, such as closing attorneys, title companies, and appraisers.  Thus, his duties as a branch manager involved advisory duties and increasing the closing of loans. *See Torrenegra*, 2017 U.S. Dist. LEXIS 59549, at *29-30 (finding that plaintiff was covered by the administrative exemption because, in part, plaintiff worked as a community organizer who assessed members' financial status,

provided training, advised on loan proposals, provided general business and financial advice—tasks that were not easily quantified). Likewise, Aldorasi's duties as a mortgage loan officer directly related to the operation of Defendants' business in that he represented and promoted Defendants' business by soliciting, informing, and maintaining contact with potential applicants and used his discretion and judgment in performing his duties.

      d.    *Highly-Compensated Employees*: Plaintiffs were exempt from receiving overtime because they were highly-compensated workers. Defendants paid Plaintiffs a guaranteed weekly amount of salary plus commission. Aldorasi received a weekly salary of $480.77 in 2015 until August 1, 2015; and, $673.08 starting on August 2, 2015 until the end of his employment, while Veracka received the weekly salary noted above in the Executive exemption section. Veracka as per his W-2's received gross pay of $170,612.85 in 2014; $350,509.32 in 2015; and $133,706.00 for approximately the first three months of 2016. Aldorasi as per his W-2 received gross pay of $106,303.29 in 2014 and $50,530.91 for approximately the first three months of 2016. Veracka also performed duties that fell under the executive and administrative exemptions. As discussed above in the administrative exemption section, Aldorasi's duties as a mortgage loan officer directly related to the operation of Defendants' business.

## II.  DEFENDANTS COMPENSATED PLAINTIFFS THEIR COMMISSIONS

Defendants paid Plaintiffs their commission in accordance with the agreed terms of employment. Defendants have wage statements and W-2s showing that they received their commissions. *See Pouncy v. Advanced Focus LLC*, 2017 U.S. Dist. LEXIS 156414, at *24 (S.D.N.Y. Sept. 25, 2017) (finding that defendants' description of the facts is accurate and makes plain that plaintiff was paid in accordance with the agreed terms of employment as required by NYLL § 191).

## III.  DEFENDANTS PROVIDED WAGE NOTICE AND WAGE STATEMENTS TO PLAINTIFFS

Defendants provided Plaintiffs with complete and accurate earnings statements each payday. Plaintiffs were also provided with wage notices. Defendants produced copies of Plaintiffs' wage notices and earnings statements.

Defendants request a pre-motion conference so they may move for summary judgment on the issues described herein. We thank the Court for its time and attention to this matter.

                                      Respectfully submitted,

                                      _____
                                      Keith J. Frank, Esq.

C:    All Parties via ECF

1611456v1